```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

SANTOS IGLESIAS and MARIA
RAFOSO, his Wife, Individually
and Jointly,

        Plaintiffs,
v.                        Case No. 8:09-cv-1608-T-33TGW

J.C. PENNEY CORPORATION, INC., a
Foreign Corporation, licensed to
do business in the State of
Florida,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to the parties' Stipulated Response to Court's Order Dated November 19, 2010 (Doc. # 39), which was filed on December 1, 2010. Therein, the parties indicate that they have been unable to come to an agreement as to the amount of sanctions due to J.C. Penny Corporation. For the reasons stated below, the Court refers the issue of the amount of sanctions due to J.C. Penny to the Magistrate Judge for disposition.

**I.**  **Background**

This is a negligence action brought by Mr. Iglesias and Ms. Rafoso, his wife, for injuries and damages resulting from a slip and fall incident that occurred on December 23, 2007,

1

Case 8:09-cv-01608-VMC-TGW   Document 40   Filed 12/02/10   Page 2 of 6 PageID 364

at the department store owned and operated by J.C. Penney at the Brandon Town Center Mall in Brandon, Florida. (Doc. # 26 at 1).

On August 19, 2010, J.C. Penney filed its motion to dismiss the complaint for material misrepresentation and fraud upon the court. (Doc. # 26). Therein, J.C. Penny generally asserted:

> Throughout the course of Mr. Iglesias' medical treatment for the December 27, 2007 accident at issue, and throughout the course of this litigation, undersigned counsel has uncovered no less than eight (8) instances where Plaintiff made material misrepresentations about fundamental facts related to his past and his medical condition and treatment to both this Honorable Court and to his numerous medical providers, warranting dismissal.

(Doc. # 26 at 2). Among other omissions, J.C. Penny identified Mr. Iglesias' failure to disclose an August 25, 2008, car accident and subsequent medical treatment for injuries stemming from the car accident.

Initially, Mr. Iglesias and Ms. Rafoso did not file a response in opposition to the motion to dismiss. On September 14, 2010, the Court issued an Order (Doc. # 27) warning Mr. Iglesias and Ms. Rafoso that, if they did not respond to the motion by September 20, 2010, the Court would be inclined to grant the motion to dismiss as an unopposed motion.

On September 20, 2010, Mr. Iglesias and Ms. Rafoso filed a response in opposition to J.C. Penney's motion to dismiss. (Doc. # 28). To enable the Court to issue an informed decision regarding the disposition of J.C. Penney's motion to dismiss, the Court, on October 21, 2010, directed the parties to file the complete deposition transcripts and interrogatory responses of Mr. Iglesias and Ms. Rafosu. (Doc. # 29). On October 22, 2010, J.C. Penney filed the deposition transcripts and interrogatory answers; however, the jurat page on the interrogatory answers for Mr. Iglesias was missing. (Docs. ## 30-32). Upon receiving these submissions, the Court scheduled an evidentiary hearing to further evaluate J.C. Penney's motion to dismiss, particularly because Mr. Iglesias and Ms. Rafosu asserted that their English skills are limited. (Doc. # 34).

During the evidentiary hearing on November 9, 2010, the Court directed J.C. Penney to file the signed and notarized jurat page for Mr. Iglesias's interrogatory responses, which was missing from the record. On November 15, 2010, J.C. Penney still had not submitted the jurat page, and the Court entered an Order directing J.C. Penney to comply by November 16, 2010. (Doc. # 35). J.C. Penney filed an emergency motion on November 15, 2010, asking the Court to compel Mr. Iglesias

and Ms. Rafosu to provide J.C. Penney with the jurat page. (Doc. # 36 at 3). On November 16, 2010, J.C. Penney filed a response to the Court's Order, indicating that J.C. Penney was missing the jurat page and reiterating its request that the Court grant its motion to compel the jurat page. (Doc. # 37 at 1-2).

## II.  **The Court's Sanctions Determination**

On November 20, 2010, the Court entered an Order denying J.C. Penny's motion to compel the signed jurat page, denying J.C. Penny's motion to dismiss the complaint for material misrepresentation and fraud on the Court, but granting in part J.C. Penny's request for monetary sanctions. (Doc. # 38).

The Court essentially determined that monetary sanctions are warranted due to material omissions by Mr. Iglesias concerning his August 24, 2008 car accident, and subsequent medical treatment. It was not disputed that, in this personal injury case, Mr. Iglesias failed to disclose the accident and medical treatment during his depositions and also failed to disclose such accident and medical treatment to his treating physician and J.C. Penny's expert witness.

In the November 20, 2010 Order, the Court determined that Mr. Iglesias's omission of his August 24, 2008 accident to his treating physicians and J.C. Penney's expert medical witness

materially prejudiced J.C. Penney's case, and "J.C. Penney's costs in re-deposing Mr. Iglesias's treating physicians and J.C. Penney's expert medical witness shall be borne by Mr. Iglesias and Ms. Rafosu." (Doc. # 38 at 11).

J.C. Penney requested sanctions in the amount of $13,000. (Doc. # 36 at 2-3). As noted, the Court determined that monetary sanctions are appropriate; however, the amount of sanctions requested by J.C. Penny was not supported by an itemized fee ledger or any other document. Without such documentation, the Court was not able assess whether the amount requested was reasonable. Therefore, the Court gave the parties until December 1, 2010, to resolve the issue of the amount of monetary sanctions that should be paid to J.C. Penny without Court intervention. The Court ruled, "If the parties cannot agree upon an amount by December 1, 2010, the Court will refer the issue to the Magistrate Judge." (Doc. # 38 at 16). As the parties have indicated that they are not able to reach an agreement on the amount of monetary sanctions, the Court refers this issue to the Magistrate Judge for disposition.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

The issue of the amount of sanctions due to J.C. Penny is

referred to the Magistrate Judge for disposition.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of December 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record